```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| JOHN SALINAS, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| ) | 5:15-cv-00145-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| SUSAN SALINAS HUNSTAD, ) | |
| ) | |
| Defendant. ) | |

```
              **   **   **   **   **
```

This matter is before the Court upon the Court's own motion. Defendant Susan Salinas Hunstad removed this matter to this Court from the Boyle Circuit Court pursuant to 28 U.S.C. § 1441 on the grounds that this Court would have original jurisdiction over the matter between parties of diverse citizenship with an amount in controversy in excess of $75,000 under 28 U.S.C. § 1332(a). What she failed to note, however, was that "a civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1332(b)(2).

"State citizenship for purposes of the diversity requirement is equated with domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Domicile, however, is not synonymous with a

person's residence.  *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). Rather, "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "Thus, domicile is an individual's permanent place of abode where he need not be physically present, and residence is where the individual is physically present much of the time. An individual consequently may have several residences, but only one domicile." *Eastman v. Univ. of Mich.*, 30 F.3d 670, 673 (6th Cir.1994). Further, "a previous domicile is not lost until a new one is acquired." *Von Dunser*, 915 F.2d at 1072.

Defendant avers in her Notice of Removal that she is a resident of Danville, Kentucky. [See DE 1 at 2, PageID#: 2.]  She provides no other information concerning other residences or information which would support the contention that her place of domicile is other than in Kentucky.  It follows that this matter must be remanded to the Boyle Circuit Court.

Accordingly, **IT IS ORDERED** that this matter is **REMANDED** to the Boyle Circuit Court and that the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET**.

2

This the 29th day of February, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge